# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

August 1, 2007

Ms. P. Rebecca Kamitsuka
Office of United States Trustee
405 E. 8th Ave., Suite 1100
Eugene, OR 97401-2706

Mr. Barry L. Taub
492 W. 13th Ave. #101
Eugene, OR 97401

Re:   U.S. Trustee v. Taub, 07-6056-fra
      In re Cheryl Nichols, 06-61036-aer7

Dear Ms. Kamitsuka and Mr. Taub:

      The defendant, Mr. Taub, is a bankruptcy petition preparer ("BPP") as defined by Code § 110. The United States Trustee ("UST") filed a complaint against the Defendant seeking a judgment: 1) for monetary penalties for providing legal advice to the debtor Cheryl Nichols. 2) for damages and a $2,000 penalty under Code § 110(i), 3) for a permanent injunction against acting as a BPP, 4) for fines for the failure to sign and disclose the identity of a BPP under Code §§ 110(b) and (l), and 5) for the disallowance and turnover of fees obtained from the Debtor and in any other bankruptcy case filed in the previous year in which it is determined that the Defendant failed to comply with Code § 110.

      The Defendant filed a motion to dismiss any claims in Plaintiff's Fourth and Fifth claims for relief related to any case other than the case named in the caption to this adversary proceeding, i.e. In re Cheryl Nichols, alleging the Court is without jurisdiction and proper venue unless an adversary proceeding is filed in each of those other cases.

      A hearing on Defendant's motion to dismiss was held on July 11. The Plaintiff referred to caselaw which she said provided for the procedures she wishes to use. I asked that Plaintiff provide the court with the caselaw cited and indicated that Defendant may thereafter respond. At the conclusion of the hearing, I took the matter under advisement. Plaintiff thereafter filed a memorandum and Defendant has apparently chosen not to respond. For the reasons that follow, Defendant's motion to dismiss will be denied.

## DISCUSSION

A. Jurisdiction

The UST seeks disgorgement of fees in up to 75 bankruptcy cases filed by the Defendant in the previous year, including that of Cheryl Nichols, the bankruptcy case in which the adversary proceeding was brought. § 110(h)(3)(B) provides that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsections (b), (c), (d), (e), (f), or (g)." Sections 110(b) and (l) relate to fines for a BPP's failure to sign and provide his name and address for each document prepared for filing. Neither provision is tied to one specific debtor, but provides for forfeiture or fines in each instance in which the BPP failed to comply. The bankruptcy court has subject matter jurisdiction by virtue of § 110 and a single adversary proceeding is sufficient to provide due process to the Defendant. The UST filed such an adversary proceeding in the Northern District of California, and succeeded in obtaining fines and disgorgement of fees related to bankruptcy cases other than the one in which the adversary proceeding was brought. See Frankfort Digital Svcs, Ltd. et al. v. Neary (In re Reynoso), 315 B.R. 544 (9th Cir. BAP 2004), aff'd 477 F.3d 1117 (9th Cir. 2007).

B. Notice

At the hearing in this matter, I indicated that I had some concerns regarding notice to interested parties in cases other than the one in which the adversary proceeding was brought. The UST has submitted a proposed order to be filed in each affected bankruptcy case apprising debtors and interested parties that the UST has filed an adversary proceeding in another case which includes allegations that Mr. Taub violated Code § 110 in the case in which the notice is filed. I find this form of notice acceptable. However, as the Clerk's Office has made clear, if a case has been previously closed, it must be reopened in order for the UST's notice to be filed. This will involve assessment by the court of a reopening fee.

## CONCLUSION

The Bankruptcy Court has subject matter jurisdiction by virtue of Code § 110 over the UST's claims involving debtors other than the one in whose case the adversary proceeding was brought. The Defendant's motion to dismiss for lack of subject matter jurisdiction will therefore be denied. Sufficient notice to debtors and interested parties in those cases may be obtained by filing a notice in each case similar to the UST's proposed order. Any closed cases must be reopened prior to the UST's filing of a notice. This Letter Opinion represents the court's findings of fact and conclusions of law. An order will be filed by the court.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge